UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

AGRI EXOTIC TRADING, INC.,

                     Plaintiff,   <u>REPORT AND
RECOMMENDATION</u>

        - against -      CV 2007-0049 (NG)(MDG)

NEW MAN DESIGNED SYSTEMS, LTD. d/b/a
FRED'S ORGANIC FOODS, FRED NEWMAN and
MYRNA NEWMAN,

                     Defendants.

- - - - - - - - - - - - - - - - - X

Go, United States Magistrate Judge:

    Plaintiff Agri Exotic Trading, Inc. ("plaintiff") brings this action under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a <u>et</u> <u>seq.</u>, seeking enforcement of a default reparation order entered by the United States Department of Agriculture ("USDA") against defendant New Man Designed Systems, Ltd. d/b/a Fred's Organic Foods ("Fred's") and for claims against defendants Fred Newman, Myrna Newman and Fred's pursuant to PACA's trust provisions, <u>see</u> <u>id.</u> §§ 499e, 499g.

    The Honorable Nina Gershon granted plaintiff's motion for default judgment following defendants' failure to appear or otherwise defend in this action and referred to me for report and recommendation the relief to be awarded.

## PERTINENT FACTS

The facts pertinent to determination of this motion are undisputed and are set forth in the Complaint (ct. doc. 1) ("Comp."); the June 18, 2007 affidavit of Stuart Kaminsky, President of plaintiff ("Kaminsky Aff.") (ct. doc. 10); and the July 2, 2007 affirmation of James J. Miuccio, Esq., counsel for plaintiff ("Miuccio Aff.") (ct. doc. 11). Defendants did not file any opposing papers.

Plaintiff, a licensed dealer under PACA, is a wholesale distributor of produce. Kaminsky Aff. at ¶¶ 2-3. Fred's, also a licensed dealer under PACA, makes soups which are sold and distributed to retail food stores. Comp. at ¶¶ 6-7, 9. Fred and Myrna Newman are officers, directors and shareholders of Fred's. Id. at ¶¶ 11-16.

On or about October 6, 2005, plaintiff sold and delivered 3,250 pounds of organic vegetables to Fred's, including yellow potatoes, green cabbage, white onions, yellow onions, red beets and spinach, for $2,405.00. Kaminsky Aff. at ¶ 4, Exh. A. On or about November 11, 2005, plaintiff again sold and delivered 105 units of organic vegetables to Fred's, including Spanish onions, butternut squash, rutabaga and red onions, for $2,132.50. Id. at ¶ 5, Exh. B. Fred's has paid only $200.00 for both shipments. Id. at ¶¶ 4-5.

On or about March 20, 2006, plaintiff lodged an informal complaint with the USDA seeking the balance of the invoiced

amount. Id. at ¶ 6. Since Fred's did not answer the informal complaint, plaintiff filed a formal complaint with the USDA on or about June 27, 2006. Id. at ¶ 7. Following Fred's failure to answer the formal complaint, a default order was issued by the USDA adopting as findings of fact the facts alleged in the formal complaint. Id. The reparation order directed Fred's to pay $4,337.50 with interest at a rate of 5.07%, plus the $300.00 handling fee for filing the complaint.

On January 5, 2007, plaintiff filed this action seeking enforcement of the USDA order and asserting claims under PACA's trust provisions. Following defendants' failure to answer the Complaint, plaintiff filed a motion for judgment by default. Ct. doc. 9.

## DISCUSSION

### I. Legal Standards Governing Default

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. Greyhound, 973 F.2d at 159. The movant need prove "only that the compensation

sought relate to the damages that naturally flow from the injuries pleaded." Id.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment. Actual damages or statutory damages may be assessed. In determining damages not susceptible to simple mathematical calculation, Fed. R. Civ. P. 55(b)(2) gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). The moving party is entitled to all reasonable inferences from the evidence it offers. Au Bon Pain, 653 F.2d at 65 (citing Trans World Airlines, Inc. v. Hughes, 308 F. Supp. 679, 683 (S.D.N.Y. 1969)).

II. Determination of Damages

Since Judge Gershon granted plaintiff's motion for default judgment, the liability of the individual and corporate defendants is established and is not an issue before me. Nonetheless, plaintiff must establish the damages owed with "reasonable certainty." See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

The PACA statute provides that a buyer must "promptly" make "full payment" for any produce received from a seller and that failure to do so gives rise to a seller's right to seek damages.

R. Best Produce v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 241 (2d Cir. 2006); 7 U.S.C. §§ 499b, 499e. Those damages consist of the "sums owing in connection with" perishable commodities transactions. Cooseman Specialties, Inc. v. Gargiulo, 485 F.3d 701, 709 (2d Cir. 2007); 7 U.S.C. § 499e(c)(2).

The affidavit of Stuart Kaminsky and the attached documentation are sufficient to support the damages claimed by plaintiff. Specifically, plaintiff has submitted the two invoices totaling $4,537.50 and provided the sworn statement of Mr. Kaminsky that defendant has not paid any amount of the invoices except for $200.00. See Kaminsky Aff. at ¶¶ 4-5, Exhs. A, B. Accordingly, I recommend awarding damages of $4,337.50 for the amount remaining unpaid under the invoices.

Section 499e(a) provides that a party found to have violated section 499b is liable for any handling fee it paid under section 499f(a)(2). Thus, I recommend awarding plaintiff the $300.00 handling fee it paid to file the reparation complaint. See Kaminsky Aff., Exh. C.[1]

Plaintiff seeks interest on the unpaid balance due under the invoices as provided in the reparation order. Although PACA does not specifically provide for an award of pre-judgment interest,

---

[1] Although plaintiff does not specifically allege that it paid the $300 filing fee, the USDA found that it paid the fee and those "findings constitute prima facie evidence of the facts recited." O'Day v. George Arakelian Farms, Inc., 536 F.2d 856, 859 n.3 (9th Cir. 1976); RHA Trading Inc. v. LNM Tropical Imports, LLC, No. 06 Civ. 7126, 2007 U.S. Dist. LEXIS 92616, at *7-*8 (S.D.N.Y. Dec. 18, 2007); 7 U.S.C. § 499g(b).

where the parties' contract includes an interest provision, it may be awarded as subject to the PACA trust. See Country Best v. Christopher Ranch LLC, 361 F.3d 629, 632-33 (11th Cir. 2004); Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222-26 (9th Cir. 2002); Palmareal Produce Corp. v. Direct Produce #1, Inc., No. 07-CV-1364, 2008 WL 905041, at *2 (E.D.N.Y. March 31, 2008); Dayoub Marketing, Inc. v. S.K. Produce Corp., No. 04 Civ. 3125, 2005 U.S. Dist. LEXIS 26974, at *13 (S.D.N.Y. Nov. 9, 2005).  "The decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion."  Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071 (2d Cir. 1995) (internal citations and quotation marks omitted).

Each invoice that defendants have failed to pay in full provides that: "[i]nterest and attorney's fees necessary to collect any balance due here under shall be considered sums owing in connection with this transaction."  Kaminsky Aff., Exhs. A, B. Courts have construed similar provisions as additional terms to an agreement between the parties governed by N.Y. U.C.C. § 2-207(2).  See, e.g., Cooseman Specialties, 485 F.3d at 708; Palmareal Produce, 2008 WL 905041, at *3; Dayoub Marketing, 2005 U.S. Dist. LEXIS 26974, at *14-*16.  When the parties are two merchants, additional terms become part of a contract unless: "(a) the offer expressly limits acceptance to the terms of the

offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received." N.Y. U.C.C. § 2-207(2). The party opposing the additional terms bears the burden of establishing it qualifies under one of the exceptions. See Coosemans Specialties, 485 F.3d at 707. Since defendants have defaulted, they have not made any showing that one of the exceptions applies. See Brigiotta's Farmland Produce and Garden Ctr., Inc. v. Przykuta, Inc., No. 05-CV-273S, 2006 U.S. Dist. LEXIS, at *17-*18 (W.D.N.Y. July 13, 2006).

In addition, the New York U.C.C. specifically recognizes that a contract is not materially altered by "a clause . . . providing for interest on overdue invoices." N.Y. U.C.C. § 2-207(2), cmt. 5. Moreover, courts in this Circuit have generally awarded interest under similar facts. See, e.g., Palmareal Produce, 2008 WL 905041, at *2-*3; Brigiotta's Farmland, 2006 U.S. Dist. LEXIS, at *16-*18; Dayoub Marketing, 2005 U.S. Dist. LEXIS 26974, at *14-*16; see also Coosemans Specialties, 485 F.3d at 708 (applying N.Y. U.C.C. § 2-207(2) to attorneys' fee provision). Accordingly, I recommend awarding plaintiff pre-judgment interest.

As to the rate of interest to apply, plaintiff seeks pre-judgment interest at the rate of 5.07%. There is no federal statute that sets the rate for pre-judgment interest. See Jones v. First UNUM Life Ins. Co. of America, 223 F.3d 130, 139 (2d

Cir. 2000). Plaintiff seeks interest at the post-judgment interest rate set forth in 28 U.S.C. § 1961(a) that the USDA utilized in its reparation order. Since this rate of interest is not higher than the IRS underpayment rate[2] or the 9% pre-judgment interest rate under New York law, I recommend that the Court award pre-judgment interest at the rate of 5.07% per annum. See http://www1.nysd.uscourts.gov/fees.php?fees=judgment.

Although the USDA reparation order provides for interest from December 1, 2005, plaintiff requests interest from December 5, 2005 without explanation as to how it arrived at that date. See Miuccio Aff. at ¶ 10; Pl.'s Mem. of Law at 6-7. Presumably, the USDA awarded interest from December 1, 2005 because that date is twenty days after Fred's accepted the second shipment of produce. See 7 C.F.R. § 46.2 (aa)(10) ("payment is due the supplier-seller within 20 days from the date of acceptance of the shipment"). Accordingly, I agree that December 1, 2005 is the appropriate date from which to calculate interest and recommend that interest be calculated as follows on the unpaid balance of

---

[2] The IRS underpayment rate reflects the considered judgment of Congress regarding the appropriate compensation for loss of the use of money. Cf. S.E.C. v. U.S. Environmental Inc., 114 Fed. Appx. 426 (2d Cir. 2004); S.E.C. v. First Jersey Sec., Inc., 101 F.3d 1450, 1476-77 (2d Cir. 1996) (upholding prejudgment interest award at the IRS underpayment rate rather than treasury bill rate, recognizing that the more "advantageous rate would seem highly inappropriate in the circumstances here, where defendants have had the use of the money"). Unlike the post-judgment interest rate, the underpayment rate is adjusted quarterly, and ranged from 6%-8% during the relevant time period. See http://www.dol.gov/ebsa/calculator/a2underpaymentrates.html.

$4,337.50 through May 31, 2008:

| Dates | Interest Rate | Per Diem | Number of Days | Interest |
|---|---|---|---|---|
| 12/1/05-5/31/08 | 5.07% | .60 | 912 | $ 547.20 |

Plaintiff seeks to recover $5,390.00 in attorneys' fees. Miuccio Aff. at ¶ 7, Exh. F. Section 499g(b) provides that a party who files suit in district court to enforce a reparation award is entitled to a reasonable attorneys' fee and costs. See 7 U.S.C. § 499g(b); see also Koam Produce, Inc. v. DiMare Homestead, Inc., 222 F. Supp. 2d 399, 401 (S.D.N.Y. 2002) (construing identical language in section 499g(c)), aff'd, 329 F.3d 123 (2d Cir. 2003); Frankie Boy Produce Corp v. Sun Pacific Enters., 99 Civ. 10158, 2000 WL 1532914, at *1 (S.D.N.Y. Oct. 17, 2000). Like the award of interest discussed above, attorneys' fees may be awarded as "'sums owing in connection with' perishable commodities transactions" where the seller's invoice includes a clause providing for attorneys' fees. See Coosemans Specialties, 485 F.3d at 709.

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 433, 1940 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d 182, 188-90 (2d Cir. 2008); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir.

1989).  In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case.  See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985).  If any expenditure of time was unreasonable, the court should exclude these hours from the calculation.  See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133.  The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).  A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records.  New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

The reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)). Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community.  Chambless, 885 F.2d at 1059.  The "community" is generally considered the district where the district court sits.  See Arbor Hill, 522 F.3d at 190.

In support of its request for fees, plaintiff has submitted an affidavit from James Miuccio detailing the work done, hours expended, and the total amount due. Mr. Miuccio, who was admitted to practice in 2003, affirms that he expended a total of 30.8 hours at a rate of $175.00 per hour, including 16.1 hours for research in connection with the complaint and drafting the complaint and 14.7 hours for research in connection with the motion for default and drafting the default motion. Id. at ¶¶ 7-9, Exh. F. The rate sought by plaintiff is reasonable based on my knowledge of prevailing rates for matters in this district. See, e.g., J&J Sports Prods., Inc. v. Spar, No. 06-CV-6101, 2008 WL 305038, at *4 (E.D.N.Y. Feb. 1, 2008) (awarding $200.00 per hour); LaBarbera v. J.E.T. Res., Inc., 396 F. Supp. 2d 346, 352-53 (E.D.N.Y. 2005) (awarding associate $150 per hour); see also Brigiotta's Farmland, 2006 U.S. Dist. LEXIS 48004, at *22-*23 (in PACA case, awarding $250 per hour for attorneys with more than 30 years of experience and $125 per hour for newly admitted attorney).

However, I find that the hours expended are somewhat excessive for the work conducted in this relatively straightforward and uncontested case. I recommend that plaintiff's request for fees be reduced by 10%. See Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997) (permitting courts to make an across-the-board reduction for excessive hours claimed). Accordingly, I recommend that plaintiff be awarded

fees for 27.72 hours at a rate of $175.00 per hour, for a total award of $4,851.00.

Plaintiff also seeks $662.92 in costs. The billing records submitted reflect charges of $350.00 for filing fees, $272.01 for service of process fees and $40.91 for postage and photocopying. Miuccio Aff., Exh. F. Awardable costs are "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (quoting United States Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989)). Compensable costs include copies and postage. Id.; Aston v. Secretary of Health & Human Servs., 808 F.2d 9, 12 (2d Cir. 1986). I find that the costs sought are recoverable and reasonable. Accordingly, I recommend that the Court award costs of $662.92.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this Court award plaintiff judgment of $10,698.62 against defendants, jointly and severally, consisting of $4,637.50 in damages, $5,513.92 in attorneys' fees and costs, and $547.20 in interest through May 31, 2008 and at a rate of $.60 per day until the entry of judgment.

This report and recommendation will be filed electronically and a copy sent by overnight delivery to the defendants on this date. Any objections must be filed with the Clerk of the Court,

with a copy to the Honorable Nina Gershon, on or before June 10, 2008. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:    Brooklyn, New York
           May 22, 2008

                                /s/
                                MARILYN D. GO
                                UNITED STATES MAGISTRATE JUDGE